JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-430 PA (DTBx) | Date | March 22, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Oscar Parra, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Oscar Parra and Juan Parra ("Defendants") on March 11, 2011. Plaintiff Deutsche Bank National Trust Company ("Plaintiff") filed its Complaint in Riverside County Superior Court asserting a single cause of action for unlawful detainer. Defendants, who are appearing pro se, seem to assert that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States." 28 U.S.C. § 1443(1). Defendants also invoke the Court's diversity jurisdiction. 28 U.S.C. § 1332.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-430 PA (DTBx) | Date | March 22, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Oscar Parra, et al. | | |

     Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendants' conclusory assertions that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law, are insufficient to establish this Court's jurisdiction. The Notice of Removal instead appears to assert that the state courts have been "bought and paid for" by mortgage lenders and that Defendants "cannot obtain a fair trial in State court." Such claims in the Notice of Removal are inadequate to establish a basis for removal under 28 U.S.C. § 1443. There is no allegation or any other indication that Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that she is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. See Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006) ("A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). 'First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.' 'Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.') (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). Because the Complaint does not allege claims under any federal law, and the Notice of Removal's citation to 28 U.S.C. § 1443 does not confer jurisdiction on this Court, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction.

     Defendants have also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

     Although Defendants allege that the amount in controversy exceeds $75,000 because the total value of the residence exceeds $75,000 (Notice of Removal at 6:9-11), the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000." In unlawful detainer actions, the title to the property is not involved — only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and $30 per day from January 31, 2011 until it obtains a judgment. Thus, given that the amount of the note is not in

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-430 PA (DTBx) | Date | March 22, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Oscar Parra, et al. | | |

controversy, Defendants have failed to show that this action meets the minimum jurisdictional requirement.

    For the foregoing reasons, Defendants have failed to meet their burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Riverside County Superior Court, Case No. MVC1100748. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.